■ ROBERT COLUMBUS et al., Respondents, v SMITH & MAHONEY, P. C., Appellant, et al., Defendant. (And a Third-Party Action.) [686 NYS2d 235] —Cardona, P. J. Appeals (1) from a judgment of the Supreme Court (Canfield, J.), entered February 6, 1998 in Albany County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered March 10, 1998 in Albany County, which denied a motion by defendant Smith & Mahoney, P. C. to set aside the verdict.

While employed by the City of Albany, plaintiff Robert Columbus (hereinafter plaintiff) was injured when he fell approximately 12 feet from the top of a salt spreader which weighed approximately 2,100 pounds. The accident occurred when plaintiff was attempting to store the spreader on wooden hangers suspended from the ceiling of the City garage. The storage system, which was designed by defendant Smith & Mahoney, P. C. (hereinafter Smith) and constructed by defendant D.J. Contractors (hereinafter D.J.), consisted of cables attached to steel plates which were bolted to wooden 2 x 8s supported by metal braces affixed to the ceiling. The spreader was hoisted by come-alongs and the cables were attached to each of its four corners. The accident occurred when one of the 2 x 8s fractured along the grain of a large knot causing that part of the board supporting the metal plate and cable to give way.

Plaintiff and his wife commenced this action against Smith and D.J. alleging negligent design and construction of the storage system. D.J., in turn, commenced a third-party action against the City. Following the close of plaintiffs' proof, Smith moved for a directed verdict. Supreme Court denied the motion and the jury rendered a verdict in favor of plaintiffs apportioning 45% of the liability to Smith and 55% to D.J. Plaintiff was awarded judgment in the amount of $316,675.96 and his wife $15,000 on her derivative claim. Smith's posttrial motion to set aside the verdict was denied resulting in this appeal.

Smith contends that plaintiffs failed to adduce proof establishing a prima facie case of negligence and/or malpractice in the design of the storage system and, therefore, Supreme Court erred in denying its motions for a directed verdict and an order setting aside the verdict. Based upon our review of the record, we agree. It is well settled that in order to prove negligence or malpractice in the design of a structure, the plaintiff must put forth expert testimony that the engineer or architect deviated from accepted industry standards (see, Interstate Cigar Co. v Dynaire Corp., 176 AD2d 699, 699-700; Grace & Co. v State Univ. Constr. Fund, 99 AD2d 860, 862 [Levine, J., dissenting in part and concurring in part], mod on dissenting/concurring mem below 64 NY2d 709; see also, 530 E. 89 Corp. v Unger, 43 NY2d 776, 777). In the instant case, plaintiffs assert that Smith was negligent in specifying number two grade lumber in the design of the wooden members of the storage system because the lumber was not satisfactory due to the presence of knots that weakened its structural integrity. It is important to note, however, that no evidence was adduced at trial that the use of this grade of lumber for the purpose intended violated generally accepted industry standards or the State Building Code (hereinafter the Building Code).

Paul Montgomery, a structural engineer produced by Smith as an expert, testified that number two grade lumber of the type specified by Smith was the most common type of wood used in the construction industry and was acceptable for hanging loads notwithstanding the presence of knots. He reviewed the calculations of Paul Koch, the engineer formerly employed by Smith who drafted the design specifications. He stated that Koch took into account a significant safety factor in calculating the load on the wooden members comprising the storage system and also consulted the Building Code which incorporates standards published in the National Design Specifications (hereinafter NDS) and the American Society of Testing Materials (hereinafter ASTM) in ascertaining the grade of lumber ap-

propriate for the load required by the storage system. He opined that the specification of number two grade lumber for the use intended was proper in accordance with the Building Code and more than adequate to support a 2,100-pound dead load. Koch also testified regarding the procedure he followed in making his calculations indicating reliance upon NDS data in determining the load bearing capacity of number two grade lumber and the City's representations that the spreader weighed 2,100 pounds. He stated that he designed the system to handle a 3,500-pound load.

Vito Colangelo, a metallurgist who testified as plaintiffs' expert, stated that the presence of a knot inherently weakens wood due to its disruption of the longitudinal fibers in the area immediately surrounding it and that, in his opinion, the use of number two grade lumber was inappropriate for the storage system because it contained knots. He did not, however, state that Smith's specification of such lumber deviated from acceptable industry standards. To the contrary, he agreed that Koch's calculations, which reflected a substantial safety factor, were correct and that the NDS and ASTM establish legitimate industry standards that take into account the presence of knots in grading the stress levels of different types of wood.

Viewing the evidence in the light most favorable to plaintiffs (*see, Tucker v Elimelech*, 184 AD2d 636, 637), we conclude that "there was no valid line of reasoning by which [the] plaintiffs' verdict could be rationally reached" (*Cruz v New York City Tr. Auth.*, 190 AD2d 651, 655, *lv denied* 82 NY2d 654). Therefore, Smith's motion for a directed verdict should have been granted. Furthermore, inasmuch as we also find that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Betit v Weeden*, 251 AD2d 930, 932; *Nicastro v Park*, 113 AD2d 129, 134), we conclude that defendant's posttrial motion to set the verdict aside likewise should have been granted. We have considered plaintiffs' remaining claims and find them unpersuasive.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, with costs to defendant Smith & Mahoney, P. C., by reversing so much of the verdict as found defendant Smith & Mahoney, P. C. 45% liable for plaintiffs' injuries; and, as so modified, affirmed. Ordered that the order is reversed, on the law, motion granted and complaint dismissed against defendant Smith & Mahoney, P. C.