■  MARY IMOGENE BASSETT HOSPITAL, Doing Business as BASSETT HEALTHCARE, Respondent, v CANNON DESIGN, INC., Appellant. [887 NYS2d 726]—

McCarthy, J. Appeal from that part of an order of the Supreme Court (Dowd, J.), entered August 14, 2008 in Otsego County, which denied defendant's cross motion to, among other things, strike plaintiff's complaint.

Defendant provided structural design services to plaintiff for renovations to one of its buildings in connection with the implementation of plaintiff's master facility plan at plaintiff's main hospital campus in the Village of Cooperstown, Otsego County. Plaintiff subsequently commenced this action alleging negligence, malpractice and breach of contract. A discovery dispute ensued with respect to defendant's refusal to produce a copy of its final structural drawings and other engineering information, and plaintiff's inability to further particularize the basis for its claimed damages without the requested drawings and engineering information. Plaintiff moved to compel defendant to respond to its request for production of the drawings and engineering information and defendant cross-moved for an order dismissing the complaint or, in the alternative, a scheduling order requiring plaintiff to provide a full and complete response to defendant's discovery demands regarding plaintiff's damages. Supreme Court issued a discovery schedule directing an exchange of the documents and information sought by the parties. Defendant now appeals from the court's denial of its cross motion to the extent that defendant sought dismissal of the complaint.

It is well settled that "a trial court has broad discretion in supervising the discovery process" (*Jessmer v Martin*, 46 AD3d 1059, 1060 [2007]; *see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988 [2006]). Plaintiff demonstrated its need for the final drawings and engineering information from defendant in order to particularize its damages. Plaintiff must review the final drawings and engineering information for the existing structure in order to determine how to proceed with remedial measures, and plaintiff could not further specify

its damages until it completed that process. Accordingly, Supreme Court's scheduling order which accommodated that process and denied defendant's request to dismiss the complaint was a proper exercise of discretion.

Mercure, J.P., Lahtinen, Kane and Garry, JJ., concur. Ordered that the order is affirmed, with costs.