■ MARY IMOGENE BASSETT HOSPITAL, Doing Business as BASSETT HEALTHCARE, Respondent, v CANNON DESIGN, INC., Appellant. [923 NYS2d 751]—

McCarthy, J. Appeal from an order of the Supreme Court (Dowd, J.), entered April 13, 2010 in Otsego County, which denied defendant's cross motion for summary judgment dismissing the complaint.

In 2002, plaintiff entered into a contract with defendant, an

architectural and design firm, to design an upgrade and expansion of one of plaintiff's hospital buildings. One of the purposes of the upgrade was to improve the building's ability to withstand a seismic catastrophe such as an earthquake or wind event. In addition to design services, defendant agreed to provide construction administration services, which would be deemed completed upon defendant's certification and delivery of final certificates of payment from the project's construction management contractor. The seismic upgrade included installation of four shear walls, three of which would be installed during phase one and the fourth during phase two. For economic reasons, plaintiff determined that it would only complete phase one and defer construction under phase two. Defendant provided design services through at least July 2004, submitted invoices for services for periods ending in June 2004 and October 2004, and issued a final certificate of payment for the contractor in November 2005.

In September 2007, plaintiff commenced this action alleging professional malpractice and breach of contract. After plaintiff moved for relief related to disclosure issues, defendant cross-moved for summary judgment dismissing the complaint. The parties resolved the disclosure issues.[1] Supreme Court then denied defendant's cross motion. Defendant appeals.

Defendant did not prove as a matter of law that the action is time-barred. The applicable statute of limitations for a claim of architectural malpractice is three years, "regardless of whether the underlying theory is based in contract or tort" (CPLR 214 [6]; *see Town of Wawarsing v Camp, Dresser & McKee, Inc.*, 49 AD3d 1100, 1101 [2008]). Such a claim "accrues upon the completion of performance under the contract and the consequent termination of the parties' professional relationship" (*Town of Wawarsing v Camp, Dresser & McKee, Inc.*, 49 AD3d at 1101-1102; *see Board of Educ. of Tri-Val. Cent. School Dist. at Grahamsville v Celotex Corp.*, 88 AD2d 713, 714 [1982], *affd* 58 NY2d 684 [1982]). The time of completion must be determined based upon the terms of the contract and the parties' responsibilities therein (*see Board of Educ. of Tri-Val. Cent. School Dist. at Grahamsville v Celotex Corp.*, 88 AD2d at 714).

Here, integral portions of the contract required defendant to supply as-built drawings following the construction and to issue a certificate of completion for the contractor after conducting a final inspection and reviewing submitted documents (*see id.*; *compare State of New York v Lundin*, 60 NY2d 987, 989 [1983]).

---

1. The parties have previously been before this Court on a prior appeal also relating to disclosure (66 AD3d 1286 [2009]).

Additionally, the parties deleted from the contract a clause that would have made accrual dates for causes of action contingent on substantial completion of the renovation, thus implying that they intended total completion as the measure of the accrual date. While defendant's employee averred that the as-built drawings and final inspection were completed by July 2004, those assertions are not supported by other evidence in the record. In November 2004, defendant billed plaintiff for the as-built drawings for a period ending in October 2004, noting that the drawings were 100% complete and that the total fee for that task was earned. While the as-built drawings were also listed on the bill for the period ending in June 2004, that task was followed by blanks in the columns listing the percent complete and fee earned, suggesting that the drawings were not yet completed at that time.

Defendant issued the final certificate of completion to the contractor in November 2005. Contrary to defendant's contention that this was merely a ministerial act of signing the certificate, the contract required defendant—prior to signing off on the completion of the project—to inspect the work, review numerous documents and certify that the work was properly completed and documented. Defendant argues that it had completed its duties, other than signing the certificate and delivering it, but that plaintiff requested that defendant delay those final actions while plaintiff resolved a dispute with the contractor.[2] Again, this assertion is not otherwise supported by the record and does not, alone, merit a finding that plaintiff impeded defendant's actions in such a way that plaintiff should be prohibited from extending the accrual of its claim to the November 2005 date. Based upon the contract and defendant's duties thereunder, defendant failed to prove that plaintiff's cause of action accrued prior to September 2004. Accordingly, defendant fell short of meeting its burden of establishing its entitlement to dismissal based upon the statute of limitations (*see Matter of Baird*, 58 AD3d 958, 959 [2009]).

Defendant also failed to establish as a matter of law that it performed in accordance with the relevant professional standards. In support of its motion, defendant submitted the affidavit of an expert who opined that defendant's work on the project complied with the State Building Code. The expert did not state, however, that compliance with the Code is equivalent to

---

**2.** The contract required defendant to participate in resolution of disagreements between plaintiff and the contractor. While defendant was apparently not asked to become involved in resolving this dispute, defendant was aware of the dispute and did not itself attempt to assist in the dispute's resolution.

performing according to the accepted standard of care in the industry (*cf. Columbus v Smith & Mahoney*, 259 AD2d 857, 859 [1999]). Relevant professional standards could be equal to, or much higher than, the minimum required under the Code.

Even if defendant complied with industry standards, thus rendering it free from professional malpractice, defendant could still be held liable for a breach of contract. Parties are free to enter into a contract requiring performance at a level above that of the industry standard.[3] Plaintiff contends that defendant breached their contract by failing to design the renovations in compliance with the 2000 International Business Code (hereinafter IBC). While defendant argues that such compliance was not required, it listed the IBC under codes and standards in its structural design criteria furnished to plaintiff. Defendant's technical drawings also referred to the IBC standards for seismic design loads. Defendant therefore failed to establish as a matter of law that it performed in accordance with the accepted standard of care in the industry, that the IBC standards were not part of the contract and, if those standards were contractually applicable, that it adhered to the IBC standards.

Even had defendant met its initial burden, plaintiff raised factual questions through submission of an expert affidavit specifically asserting how defendant's designs did not comply with the IBC standards or accepted industry standards. The expert expressed this opinion with full knowledge that plaintiff terminated defendant's services before undertaking phase two; he opined that the installation of the fourth shear wall under phase two would not make the building comply with seismic load standards and defendant's designs supplied under phase one were deficient with or without the fourth wall. Hence, as questions of fact exist, Supreme Court properly denied defendant's cross motion for summary judgment.

Spain, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

**3.** Indeed, while defendant's expert stated that the current edition of the State Building Code would not impose any seismic design requirements on plaintiff's building, this ignores plaintiff's purpose and desire, as reflected in the contract, to improve the building's ability to withstand a seismic catastrophe.