■ MARY IMOGENE BASSETT HOSPITAL, Doing Business as BASSETT HEALTHCARE, Respondent, v CANNON DESIGN, INC., Appellant. [923 NYS2d 293]—

McCarthy, J. Appeal from that part of an order of the Supreme Court (Dowd, J.), entered June 30, 2010 in Otsego County, which denied defendant's cross motion to, among other things, dismiss the complaint.

Plaintiff commenced this action alleging that defendant committed professional malpractice and breached a contract wherein defendant agreed to provide architectural and design services to upgrade one of plaintiff's hospital buildings. This Court upheld Supreme Court's resolution of a prior disclosure dispute (66 AD3d 1286 [2009]) and, concurrent with this appeal, is affirming the denial of defendant's cross motion for summary judgment dismissing the complaint (*Mary Imogene Bassett Hosp. v Cannon Design, Inc.*, 84 AD3d 1524 [2011] [decided herewith]). As part of the parties' ongoing battle over disclosure, plaintiff moved to compel depositions. Defendant cross-moved to dismiss the complaint or, in the alternative, dismiss plaintiff's claim for consequential damages or preclude plaintiff from offering evidence of damages unless plaintiff "produce[d] each and every piece of paper in its control regarding" damages. Supreme Court denied the motions without prejudice. The court did, however, amend the scheduling order to, among other things, require plaintiff to provide further documentation of its direct and consequential damages, a revised estimate of its damages and a privilege log identifying any documents which it withheld based upon a claim of privilege. Defendant appeals from so much of the order as denied its cross motion to dismiss the complaint.

We affirm. Trial courts have broad discretion in supervising the discovery process, and this Court generally will decline to interfere with the resolution of such disputes absent a clear abuse of that discretion (*see Pierson v North Colonie Cent. School Dist.*, 74 AD3d 1652, 1653 [2010], *lv denied* 15 NY3d 715 [2010]; 66 AD3d at 1286). While a court may order dismissal of an action or a claim therein as a penalty for noncompliance with disclosure demands or orders (*see* CPLR 3126 [3]), this type of drastic remedy is reserved for situations where a party's failure to comply is "willful, contumacious, or in bad faith" (*Harris v City of New York*, 211 AD2d 663, 664 [1995]; *see Pangea Farm, Inc. v Sack*, 51 AD3d 1352, 1354 [2008]; *Altu v Clark*, 20 AD3d 749, 750 [2005]). Here, we previously found that plaintiff was initially delayed in presenting its proof of damages because it needed to review drawings and engineering information that defendant did not timely provide (66 AD3d at 1286-1287). After receiving the drawings and information, plaintiff submitted several amended and supplemental answers to interrogatories, providing greater specificity and support for

its claimed damages. These efforts, while perhaps not providing defendant with all of the information to which it is entitled, cannot be considered a willful or bad faith failure to comply with disclosure obligations. Considering its knowledge of the history of this litigation, Supreme Court did not abuse its discretion in denying defendant's cross motion, without prejudice, and imposing a scheduling order that requires plaintiff to provide further information and documents (*see id.*).

Spain, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.