Peters, P.J.
This appeal is the latest arising out of a protracted discovery dispute between the parties (see Mary Imogene Bassett Hosp. v Cannon Design, Inc., 84 AD3d 1543 [2011]; 84 AD3d 1524 [2011]; 66 AD3d 1286 [2009]). Briefly stated, in 2002, defendant contracted with plaintiff to design an upgrade to one of plaintiff’s hospital buildings in the Village of Cooperstown, Otsego County. A purpose of the upgrade was to improve the ability of the building to withstand a seismic catastrophe such as an earthquake or wind event. The contract provided for two phases of design and completion. Phase one included the construction of a fifth floor of the inpatient building and a sixth floor to serve as a mechanical suite, together with an expansion of the south terrace. Phase two was to involve extensive interior renovations and upgrades to the balance of the inpatient building. Defendant completed phase one, but plaintiff canceled the contract prior to the commencement of construction under phase two.
In 2007, plaintiff commenced the instant action for professional malpractice and breach of contract alleging, among other things, that defendant failed to conform to the applicable standard of care in designing and upgrading the building by, among other things, failing to make the inpatient building of the hospital resistant to a seismic event. After years of ongoing discovery, the parties consented to Supreme Court’s amended scheduling order, which set a deadline for the completion of all *1031 disclosure of August 31, 2011, with the exception of plaintiffs supplemental expert disclosure, which was to be served no later than September 30, 2011. On August 31, 2011, defendant served partial expert disclosure relating to defendant’s experts’ anticipated trial testimony on the issues of liability and damages.[1] Plaintiff served a supplement to its second amended set of answers and objections to defendant’s interrogatories on September 6, 2011, beyond the court-ordered deadline. Plaintiff thereafter moved to preclude the testimony of defendant’s experts at trial or, in the alternative, to conditionally grant the motion unless defendant provided full and complete expert disclosure pursuant to CPLR 3101 (d) (1) (i). Defendant cross-moved for similar relief with regard to plaintiffs experts based on its alleged failure to provide expert disclosure in compliance with CPLR 3101 (d) (1) (i), and further sought an order precluding service of plaintiffs supplement to its second amended set of answers and objections. Supreme Court partially granted plaintiffs motion to the extent that it sought supplemental disclosure of defendant’s experts’ anticipated testimony on the standard of care and requirements of the New York Building Code and partially granted defendant’s cross motion to the extent that it sought the production of plaintiffs experts’ curriculum vitae. These cross appeals ensued.
We find no basis to disturb Supreme Court’s findings regarding the adequacy of the parties’ respective expert disclosure statements. It is axiomatic that “Supreme Court is vested with broad discretion in addressing expert disclosure issues” (Gross v Sandow, 5 AD3d 901, 902 [2004], lv dismissed and denied 3 NY3d 735 [2004]; see McColgan v Brewer, 84 AD3d 1573, 1576 [2011]; Mead v Dr. Rajadhyax’ Dental Group, 34 AD3d 1139, 1140 [2006]). Here, the court found that plaintiffs disclosure failed to adequately set forth its experts’ educational background and experience and that defendant’s expert disclosure was deficient in that it failed to disclose its experts’ anticipated testimony regarding the applicable standards of care and Building Code requirements, and accordingly ordered supplemental disclosure to that effect.[2] Contrary to the parties’ competing contentions, under the particular circumstances of this case, the expert disclosure statements otherwise sufficiently disclose the *1032 subject matter on which the experts intend to testify, the substance of the facts and opinions on which they are expected to testify and a summary of the grounds for their opinions (see CPLR 3101 [d] [1] [i]; see e.g. Cocca v Conway, 283 AD2d 787, 788 [2001], lv denied 96 NY2d 721 [2001]). Notably, there is no requirement that the expert set forth the specific facts and opinions upon which he or she is expected to testify, but rather only the substance of those facts and opinions (see Barrowman v Niagara Mohawk Power Corp., 252 AD2d 946, 946-947 [1998], lv denied 92 NY2d 817 [1998]; Foley v American Ind. Paper Mills Supply Co., 222 AD2d 401, 402 [1995]; Krygier v Airweld, Inc., 176 AD2d 700, 701 [1991]; Renucci v Mercy Hosp., 124 AD2d 796, 797 [1986]). Finding no abuse of Supreme Court’s broad discretion, we decline to disturb its determination on this issue.
Nor did Supreme Court err in denying that branch of plaintiffs motion which sought to compel defendant to produce “all underlying design and re-design drawings, data, specifications and related documents and cost estimates” upon which defendant’s experts will rely at trial. In response to plaintiff’s demands, defendant produced one seismic retrofit design document for phase two that depicts the construction of a portion of the fourth steel plate shear and, in opposition to plaintiffs motion, submitted the affidavit of defense counsel affirming that it “has previously provided any and all documentation in its possession and/or control relating to this project” and is not “in possession or control of any documentation responsive to plaintiffs demand.” Simply stated, the record is devoid of any evidence that defendant has access to or is withholding any of the requested documents, and a party cannot be compelled to produce documents that do not exist (see Matter of Scaccia, 66 AD3d 1247, 1249-1250 [2009]; Moak v Raynor, 28 AD3d 900, 904 [2006]; Corriel v Volkswagen of Am., 127 AD2d 729, 731 [1987]).
Finally, we are unpersuaded that Supreme Court abused its discretion in failing to preclude service of plaintiffs supplemental answer to interrogatories. Where a party fails to comply with a discovery order, CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which are matters entrusted to the court’s sound discretion, and its determination will not be disturbed on appeal absent a clear abuse of that court’s discretion (see Sugar Foods De Mexico v Scientific Scents, LLC, 88 AD3d 1194, 1196 [2011]; Pangea Farm, Inc. v Sack, 51 AD3d 1352, 1354 [2008]; Myers v Community Gen. Hosp. of Sullivan County, 51 AD3d 1359, 1360 *1033 [2008]). Here, defendant has failed to establish that plaintiffs late submission, which occurred less than seven days after the court-ordered deadline, was a result of any bad faith or willful noncompliance. Absent such a showing or any indication of prejudice inuring to defendant as a result of the brief delay, we are unable to conclude that Supreme Court abused its discretion in denying defendant’s motion in this regard (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 319 [1986]; Pangea Farm, Inc. v Sack, 51 AD3d at 1354; Fraracci v Lasouska, 283 AD2d 735, 736 [2001]; Nabozny v Cappelletti, 267 AD2d 623, 625 [1999]).
Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

. Although a revised scheduling order required defendant to serve expert disclosure on or before August 15, 2011, plaintiff granted defendant an extension to serve its expert disclosure.

. Given that Supreme Court ordered supplemental disclosure of plaintiffs experts’ curriculum vitae, defendant’s continuing assertion that it has not been adequately apprised of those experts’ qualifications, as required by CPLR 3101 (d) (1) (i), is without merit.