Henry F. Gauthier et al., Respondents, v Countryway Insurance Company, Appellant. [953 NYS2d 346]—

Malone Jr., J. Appeal from an order of the Supreme Court (Muller, J.), entered July 12, 2011 in Clinton County, which denied defendant's motion for, among other things, partial summary judgment.

Plaintiffs commenced this action seeking to recover damages based upon defendant's alleged breach of contract and bad faith in settling plaintiffs' insurance claim for fire damage to their house. Following joinder of issue and discovery, defendant moved for partial summary judgment dismissing certain claims, including plaintiffs' claim for consequential damages, and also sought to preclude plaintiffs' expert from testifying at trial. Supreme Court denied the motion in its entirety. Defendant now appeals.

Initially, we note that defendant's statute of limitations argument was waived by defendant's failure to raise it in the answer or amended answer, or in a pre-answer motion to dismiss (*see* CPLR 3211 [e]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]).

As to the merits, we are unpersuaded by defendant's argument that plaintiffs' claims for consequential damages, replacement cost damages for personal property, damages to the residence, and additional living costs should be dismissed because they failed to comply with defendant's discovery demands and with a November 24, 2010 discovery order issued by Supreme Court. We note that Supreme Court implicitly rejected that argument and, instead, in the order presently on appeal, enlarged the time for plaintiffs to itemize and particularize all

damages alleged. "Trial courts have broad discretion in supervising the discovery process" (*Mary Imogene Bassett Hosp. v Cannon Design, Inc.*, 84 AD3d 1543, 1544 [2011]), and we find no abuse of discretion here.*

With respect to defendant's claim that plaintiffs are precluded from recovering the replacement cost of their residence, defendant first contends that the replacement cost terms of the insurance contract do not apply when the insured residence is replaced by a mobile home, as was done in this case. We do not agree. As relevant here, the loss settlement provisions specify that replacement cost terms apply to a "building[ ] covered under Coverage[ ] A . . . that [has] a permanent foundation and roof," but not to a mobile home whether or not it has a permanent foundation. Importantly, Coverage A describes the *insured* residence located on the premises, not the replacement residence. Because the *insured* residence at issue here was not a mobile home, defendant's argument fails.

With respect to defendant's further contention that replacement cost is unavailable because plaintiffs did not repair or replace the residence within 180 days—which they concededly did not—we agree with Supreme Court that fact questions exist regarding whether Charles Mason, defendant's claims adjustor, directed plaintiffs to leave the premises and their personal property untouched until further notice and, if so, whether they justifiably relied to their detriment on that purported directive (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 106 [2006]; *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]).

Similarly, fact questions exist regarding plaintiffs' claim for consequential damages. "[C]onsequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties" (*Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008] [internal quotation marks and citations omitted]; *see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192 [2008]; *Gruenspecht v Balboa Ins. Co.*, 93 AD3d 482, 482 [2012]). Here, plaintiffs allege that defendant failed to investigate and pay their claim in a timely and good faith manner, which resulted in increased damage to the insured property, necessary code upgrades, their purchase of the double-wide

---

* Insofar as defendant contends that plaintiffs have failed to comply with the order presently on appeal, that issue is not properly before us. Moreover, because any material submitted by plaintiffs in response to that order is de hors the record, it will not be considered on this appeal.

mobile home so they would have a place to live, and counsel fees. Such additional damages should be considered to be within contemplation of the parties as foreseeable consequences of an insurer's bad faith delay in performing its obligations under the contract. With respect to whether defendant did, in fact, act in bad faith, plaintiffs have submitted the affidavit of insurance adjuster William Hathaway, which opines that the actions and manner of defendant's adjuster in handling plaintiffs' insurance claim deviated from accepted adjusting practices and standards in numerous respects. Although defendant's expert submitted a contrary affidavit, the question of defendant's bad faith in settling the insurance claim remains open, as does the issue of whether plaintiffs can, upon completion of discovery, prove damages resulting from defendant's alleged injurious conduct.

Finally, we find no abuse of discretion in Supreme Court's denial, at this stage in the action, of defendant's request to preclude Hathaway from testifying (see *Robinson v Bartlett*, 95 AD3d 1531, 1536 [2012]).

Lahtinen, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.