McCarthy, J.
Appeal from a judgment of the Supreme Court (Dowd, J.), entered April 28, 2014 in Otsego County, upon a decision of the court in favor of plaintiff.
Plaintiff operates a hospital in Otsego County. Defendant is an architectural and design firm providing, among other things, structural design services. In 2002, the parties entered into a contract for architectural services including, as relevant here, a seismic retrofit of one of plaintiffs hospital buildings.[1] Defendant, with input and approval from plaintiff, designed the retrofit using four steel plate shear walls to be installed during phase one of construction. After defendant built three of the shear walls as part of phase one, and the parties decided to defer the fourth shear wall to phase two due to interference caused by electrical systems that were scheduled to be replaced in phase two, plaintiff terminated its relationship with defendant under the contract. Plaintiff commenced this action alleging breach of contract and professional malpractice arising from defendant’s allegedly defective design of the seismic retrofit.[2] After a nonjury trial, Supreme Court determined that defendant breached the contract and committed professional malpractice, and awarded plaintiff damages of approximately $1.7 million plus prejudgment interest. Defendant appeals.
Supreme Court should have dismissed the breach of contract cause of action. In an appeal from a judgment issued after a nonjury trial, this Court “independently review[s] the weight of the evidence . . . and, while according appropriate deference to the trial judge’s credibility assessments and factual findings, grant[s] the judgment warranted by the record” (Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1295 [2014], lv denied 24 NY3d 905 [2014]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; but see Thoreson v Penthouse Intl., 80 NY2d 490 [1992]). In construing the parties’ contract, we must enforce the document according to its terms if the writing is clear and complete (see Consedine v Portville Cent. School Dist., 12 NY3d 286, 293 [2009]; Monticello Raceway Mgt., Inc. v Concord Assoc. L.P., *1379 104 AD3d 1114, 1116 [2013]). Courts determine as a matter of law whether a contract is ambiguous, and extrinsic or parol evidence may not be considered absent an ambiguity (see Consedine v Portville Cent. School Dist., 12 NY3d at 293; Monticello Raceway Mgt., Inc. v Concord Assoc. L.P, 104 AD3d at 1116; City of Plattsburgh v Borner, 38 AD3d 1047, 1048 [2007]). Plaintiff contended, and Supreme Court found, that defendant breached the contract by failing to meet the requirements of the 2000 International Building Code (hereinafter IBC) for the seismic retrofit design. While defendant and several of its witnesses conceded that everyone involved considered the 2000 IBC to be the agreed-upon design criteria, the IBC is not mentioned in the contract itself and the contract prohibits any oral modifications.[3] The absence of design criteria does not create an ambiguity (see Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001]). Thus, we cannot read compliance with the 2000 IBC into the contract, and defendant did not breach the unambiguous contract by failing to comply with the standards in that code.
The contract does contain two clauses regarding defendant’s performance. They provide that defendant’s “services shall be performed as expeditiously as is consistent with professional skill and care and the orderly progress of the [w]ork,” and “shall be provided . . . in a manner consistent with the standards of care and skill exhibited in its profession for projects of this nature, type and degree of difficulty.” These provisions simply incorporate into the contract the common-law standard of care for a professional. “Making such ordinary obligations express terms of an agreement does not remove the issue [of a violation thereof] from the realm of negligence . . ., nor can it convert a malpractice action into a breach of contract action” (Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 542-543 [2004]). Inasmuch as a breach of contract cause of action based on the violation of these particular contract provisions would be duplicative of a professional malpractice cause of action, Supreme Court should have dismissed plaintiffs breach of contract cause of action.
Supreme Court did not err in determining that defendant committed professional malpractice in its design of the seismic *1380 retrofit. To establish a claim of professional malpractice, a plaintiff must prove a departure from accepted standards of practice of that profession in the relevant area and that the departure was a proximate cause of the plaintiffs injury (see Talon Air Servs. LLC v CMA Design Studio, P.C., 86 AD3d 511, 515 [2011]). These elements are generally established through “credible expert testimony that [the] defendants deviated from locally prevailing standards of practice” (Talon Air Servs. LLC v CMA Design Studio, P.C., 86 AD3d at 515). At trial here, plaintiff presented expert testimony from a structural engineer with experience in seismic engineering. Plaintiffs expert testified that defendant performed calculations based on the 2000 IBC seismic demand and distributed the load to four shear walls. He noted that the 2000 IBC does not address steel plate shear walls, so it was reasonable for defendant to rely on a particular engineering article, but defendant did not adhere to the design approach discussed in that article. The expert explained that the failure to fully follow that approach led to inaccurate calculations, such that the four shear walls would not protect plaintiffs building from the magnitude of earthquakes that the seismic retrofit was allegedly designed to withstand. Basically, the expert opined that the design was defective because the other elements of the design were not stronger than the shear walls, which would cause those elements to fail and collapse before the shear walls, contrary to a proper design. Thus, plaintiff submitted sufficient expert evidence to establish that defendant failed to meet the proper standard of practice for structural engineering. Supreme Court did not err in accepting that proof over the competing opinion of defendant’s expert (see Matter of Village Sq. of Penna, Inc. v Board of Assessment Review of the Town of Colonie, 123 AD3d 1402, 1404 [2014], lv denied 25 NY3d 903 [2015]).
Although defendant contends that it never completed its design of the seismic retrofit due to plaintiffs cancellation of the contract, the record contains conflicting information in that regard. We will not disturb Supreme Court’s credibility determinations and factual findings that defendant’s retrofit design was complete and only called for the addition of the fourth shear wall to fully implement that design. Everyone recognized that the seismic retrofit was not complete without the addition of the fourth shear wall, but plaintiff proved that the three shear walls that were already installed were not properly designed as part of the seismic retrofit. As for proximate cause, plaintiffs expert opined that defendant’s failure to comply with the relevant standards resulted in a seismic retrofit design that would not operate as intended, requiring *1381 remedial efforts to create a building that would withstand the magnitude of seismic events contemplated by the parties as the standard for the retrofit.
Plaintiff also submitted proof of damages. The appropriate measure of damages for a defective design “is the cost to repair the defects,” if those defects are remediable (Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 261-262 [1998]). Plaintiff proved that the seismic retrofit it received, even if completed through the installation of the fourth shear wall as designed by defendant, would be defective because it would not provide the anticipated level of protection. We find irrelevant defendant’s assertions that the current building code has less stringent seismic standards than the 2000 IBC and the seismic threat level for Otsego County has been reduced; regardless of code changes in the interim, plaintiff did not receive the seismic retrofit design that it expected from defendant and that defendant has conceded that it intended to provide. Plaintiff submitted proof that the three shear walls that were already installed, and that were part of defendant’s completed but defective seismic retrofit design, need to be modified to provide the agreed-upon level of seismic protection.
To arrive at an amount for damages, plaintiff presented a construction administrator with experience in project cost estimation. This cost estimator testified as to the total cost to remediate defendant’s seismic retrofit by implementing the design of plaintiffs expert engineer, reduced to the dollar value of November 2005 (the time when the malpractice claim accrued). Contrary to defendant’s assertion that the cost estimator lacked a proper foundation for his opinion because he relied on a document that was not in evidence, he was directly involved in the estimation process and prepared the document from which he extracted the figures that he testified to. Plaintiffs engineering expert testified that experts in the profession commonly rely on drawings and documents gathered from subcontractors. Thus, the cost estimator’s testimony was based on information commonly relied upon in the profession or within his personal knowledge (see Matter of State of New York v Mark S., 87 AD3d 73, 77-78 [2011], lv denied 17 NY3d 714 [2011]; see also Hinlicky v Dreyfuss, 6 NY3d 636, 648 [2006]).
We reject defendant’s contention that plaintiffs proposed amount of damages constitutes economic waste. The proper measure of damages due to the defective design of a building is the cost to remedy the defect, unless such amount is “grossly and unfairly out of proportion to the good to be attained” by *1382 fixing the building (Jacob & Youngs, Inc. v Kent, 230 NY 239, 244 [1921]). The defects here were not trivial, but were substantial as to the seismic function of the building, such that plaintiff was entitled to damages in the amount necessary to remediate the defects (less any amount that would have been necessary to add the fourth shear wall, which was anticipated to be added in any event) (see Lyon v Belosky Constr., 247 AD2d 730, 731-732 [1998]; compare Jacob & Youngs, Inc. v Kent, 230 NY at 244-245). Supreme Court observed the expert witnesses and was in a better position to weigh their competing opinions and assess their credibility (see Matter of Village Sq. of Penna, Inc. v Board of Assessment Review of the Town of Colonie, 123 AD3d at 1404). Based on the record evidence and those credibility determinations, we find the damages awarded by Supreme Court to be appropriate.
Peters, P.J., Rose and Clark, JJ., concur.
Ordered that the judgment is modified, without costs, by reversing so much thereof as found defendant liable under the breach of contract cause of action; said cause of action dismissed; and, as so modified, affirmed.

. A seismic retrofit is the addition of structural enhancements to an existing building to protect the building, its contents and its users from the effects of seismic activity such as earthquakes.

. This Court has decided previous appeals in this matter dealing with pretrial issues (97 AD3d 1030 [2012]; 84 AD3d 1543 [2011]; 84 AD3d 1524 [2011]; 66 AD3d 1286 [2009]).

. In a previous appeal, we affirmed the denial of summary judgment on the breach of contract cause of action (84 AD3d 1524, 1527 [2011], supra). At that procedural stage, we found that defendant had not established, as a matter of law, “that the IBC standards were not part of the contract,” because those standards were listed or referred to in structural design criteria and on technical drawings {id.). After trial, however, we find that plaintiff failed to prove that compliance with the IBC was a contract requirement.