Klein v New York City Tr. Auth. (2022 NY Slip Op 00250)





Klein v New York City Tr. Auth.


2022 NY Slip Op 00250


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 156065/18 595592/19 595179/20 Appeal No. 15068-15068A Case No. 2020-04780 2020-04789 

[*1]Rachel Ellen Klein, Plaintiff-Appellant,
v
New York City Transit Authority etc., Defendant-Respondent. [And Third-Party Actions] 


Michael H. Klein, LLC, West Hempstead (Michael H. Klein of counsel), for appellant.
Newman Law Associates PLLC, New York (Jon E. Newman of counsel), for respondent.



Orders, Supreme Court, New York County (W. Franc Perry, J.), entered November 30, 2020, which, among other things, upon consideration of plaintiff's motion to compel defendant New York City Transit Authority (NYCTA) to comply with outstanding discovery demands, directed the parties to discuss in good faith any remaining discovery issues and to appear for a further remote virtual status conference at which any remaining discovery would be discussed, unanimously affirmed, without costs.
We reject NYCTA's argument that we should dismiss plaintiff's appeal as moot. We note that NYCTA responded to plaintiff's motion to compel and simultaneously produced additional documents. We cannot determine whether NYCTA has satisfied its discovery obligations through responses submitted subsequent to the orders on appeal. The issue of whether NYCTA is now in compliance must be decided by Supreme Court in the first instance.
To this end, Supreme Court providently exercised its discretion when it issued an order resolving plaintiff's motion to compel discovery by scheduling another compliance conference to address any remaining discovery issues (see e.g. Mary Imogene Bassett Hosp. v Cannon Design, Inc., 84 AD3d 1543, 1544 [3d Dept 2011]). We have held that "substantial deference should be accorded to the trial court's considerable discretion to compel compliance with discovery orders" (Arts4All, LTd. v Hancock, 54 AD3d 286, 286 [1st Dept 2008]). Indeed, it is a "court's prerogative to control its calendar and expeditiously dispose of the volume of cases before it" (id. [internal quotation marks omitted]). Despite NYCTA's belated responses to plaintiff's discovery demands, Supreme Court acted providently in setting a discovery schedule as opposed to simply granting plaintiff's motion to compel discovery.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022