■ JOHN C. BALL et al., Appellants, v OMAR SANO et al., Respondents. [723 NYS2d 644] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered May 12, 2000, which denied plaintiffs' motion to vacate the order of dismissal of the same court and Justice entered on or about September 13, 1999, and to restore the matter to the calendar, unanimously reversed, on the law and the facts, without costs, the motion granted, the dismissal order vacated and the matter restored to the calendar.

The IAS court's denial of plaintiffs' motion to restore for failure to comply with a scheduling order was an improvident exercise of discretion. Weighed against the merits of the claim and the lack of prejudice to defendants, counsel's neglect is inconsequential (*see, Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355). The merits of plaintiffs' case are demonstrated by their bill of particulars and plaintiff John C. Ball's affidavit, which state that when the taxi in which plaintiffs were passengers collided with another vehicle, they sustained serious injuries that disabled them from employment, for four months in Patricia's case and seven months in John's, and that John continues to suffer pain and impairment of his life activities. Moreover, plaintiffs demonstrated that they had no intent to abandon their case (*id.*). John asserts that they discharged their previous counsel for repeated delays in going forward with examinations before trial. Plaintiffs' counsel affirms that, at the request of defense counsel, on August 10, 1999, a month before the case was dismissed, his predecessor furnished duplicate authorizations for access to records, having first served them in December 1998. The lack of prejudice to defendants is manifest in that they have never claimed any prejudice from the restoration of the case. Indeed, they have not opposed this appeal.

We note that, in the absence of a 90-day demand, pursuant to CPLR 3216, the court erred in dismissing the case (*see, Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503). Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.