■ Nora Altu, Appellant, v Charles Clark et al., Respondents. [798 NYS2d 775]—

Crew III, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered August 23, 2004 in Ulster County, which granted defendants' motion to strike the complaint.

Plaintiff allegedly sustained various injuries in September 2002 when the porch of her apartment building, owned by defendants, collapsed beneath her. Plaintiff thereafter underwent two separate surgeries and, in March 2003, commenced this action against defendants alleging that they failed to maintain the porch in a safe condition.

In November 2003, plaintiff changed attorneys and retained the Law Offices of Mitchell H. Spinac, and the files pertaining to her case were delivered to Spinac's office the following month. At the time plaintiff retained Spinac, there apparently was an outstanding discovery order directing that all discovery be completed by the end of December 2003. Counsel for the parties appeared before Supreme Court in January 2004, at which time Supreme Court directed that all discovery and depositions be completed by May 19, 2004, with the note of issue to be filed by May 25, 2004. On the latter date, the parties again appeared before Supreme Court, at which time defendants advised the court that the requested discovery had not been completed and Supreme Court, in turn, advised defendants to make the instant motion to strike. Although counsel for plaintiff provided the requested medical authorizations shortly thereafter, defendants deemed such response to be noncompliant because only original authorizations suffice under the Health Insurance Portability and Accountability Act of 1996 (*see* 42 USC § 1320d *et seq.*), and the authorizations provided by plaintiff had been photocopied. Defendants thereafter moved to strike plaintiff's complaint. Supreme Court granted the motion and dismissed plaintiff's complaint with prejudice based upon her failure to timely comply with court-ordered discovery. This appeal by plaintiff ensued.

We reverse. To be sure, this Court consistently has held that the nature and degree of the penalty imposed on a motion to strike pursuant to CPLR 3216 is a matter committed to the sound discretion of the trial court and, absent a clear abuse of such discretion, the court's choice of remedy will not be disturbed (*see Cavanaugh v Russell Sage Coll.*, 4 AD3d 660 [2004]; *Nabozny v Cappelletti*, 267 AD2d 623, 625 [1999]). It is equally clear from this Court's holdings, however, that the drastic remedy of striking a pleading " 'is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith' " (*Nabozny v Cappelletti, supra* at 625, quoting *Harris v City of New York*, 211 AD2d 663, 664 [1995]; *see Thomas v Benedictine Hosp.*, 296 AD2d 781, 784 [2002]).

Here, although plaintiff undeniably was tardy in responding

to defendants' discovery demands, the record as a whole does not support a finding that plaintiff "was guilty of a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condemnation" (*Forman v Jamesway Corp.*, 175 AD2d 514, 515-516 [1991]). Hence, under the circumstances presented here, we find the dismissal of plaintiff's complaint with prejudice to be an abuse of discretion. In our view, in light of the allegedly serious injuries sustained by plaintiff, the potentially meritorious cause of action set forth in plaintiff's complaint and the lack of apparent prejudice to defendants, the more appropriate penalty is the imposition of a monetary sanction against plaintiff's counsel in order "to deter his 'dilatory behavior in the future' " (*Vasquez v State of New York*, 12 AD3d 917, 920 [2004], quoting *Lichter v State of New York*, 198 AD2d 687, 688 [1993]).* To ensure that such behavior is not repeated, we impose a monetary sanction in the amount of $2,000.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and sanctions in the amount of $2,000 are imposed against plaintiff's counsel, payable to defendants.

---

* This is not the first time that we have addressed counsel's failure to comply with a scheduling order (*see Thomas v Benedictine Hosp.*, 296 AD2d 781, 784 [2002]).