■ BRIAN GOKEY, Appellant, v JAMES A. DECICCO et al., Respondents. [804 NYS2d 870]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered June 2, 2005 in Ulster County, which granted defendants' motion to strike the complaint.

Plaintiff commenced this action seeking damages for personal injuries he allegedly sustained when the vehicle he was riding in was struck from behind by a vehicle owned and/or operated by defendants. Based on plaintiff's subsequent failure to attend two scheduled independent medical examinations (hereinafter IME; *see* CPLR 3121), defendants moved to strike the complaint or, in the alternative, to compel plaintiff to appear for an IME (*see* CPLR 3126 [3]). Finding that plaintiff's failure to attend the scheduled IMEs was willful and "without any valid reason," Supreme Court granted defendants' motion and dismissed the complaint.

Although it is well settled that "[t]he nature and degree of any penalty imposed on a motion pursuant to CPLR 3126 is a discretionary matter" (*Nabozny v Cappelletti*, 267 AD2d 623, 625 [1999]; *see Zletz v Wetanson*, 67 NY2d 711, 713 [1986]), such a determination must be balanced against the " 'general policy favoring the resolution of actions on their merits' " (*Osterhoudt v Wal-Mart Stores*, 273 AD2d 673, 675 [2000], quoting *Mrs. London's Bake Shop v City of Saratoga Springs*, 144 AD2d 749, 750 [1988]; *accord Kinge v State of New York*, 302 AD2d 667, 669 [2003]). Indeed, the ultimate sanction of dismissal of a pleading should be reserved for those cases in which it is clearly shown that the failure to comply with discovery demands is the result of " 'a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condemnation' " (*Altu v Clark*, 20 AD3d 749, 751 [2005], quoting *Forman v Jamesway Corp.*, 175 AD2d 514, 515-516 [1991]; *see Matter of Beauregard v Millwood-Beauregard*, 207 AD2d 633, 633-634 [1994]; *see e.g. Appler v Riverview Obstetrics & Gynecology, P.C.*, 9 AD3d 577, 578-579 [2004]; *Osterhoudt v Wal-Mart Stores, supra* at 673-674; *Lawrence H. Morse, Inc. v Anson*, 251 AD2d 722, 723 [1998]).

In our view, although we appreciate and share Supreme Court's concern over the failure of a party to comply with

discovery, outright dismissal of plaintiff's complaint was not warranted under the circumstances herein. While it is true that plaintiff failed to attend two scheduled IMEs, in light of plaintiff's proffered excuses and his expressed willingness to attend an IME at defendants' convenience, as well as his apparent compliance with other aspects of the discovery process (*compare Osterhoudt v Wal-Mart Stores, supra* at 673-674) and the fact that defendants have not averred that they were unduly prejudiced by plaintiff's failure to attend the IMEs (*compare Blake v Chawla*, 299 AD2d 437, 440-441 [2002]), we cannot conclude that plaintiff's conduct has risen to a level of obstinate disobedience deserving of the ultimate penalty. Rather, we find that a conditional order of dismissal is justified upon these facts. Accordingly, defendants' motion is denied provided that plaintiff appears for an IME within 45 days after service of a copy of this order with notice of entry. In addition, inasmuch as defendants incurred costs due to plaintiff's conduct, we conclude that imposition of a monetary penalty in the amount of $750 is appropriate (*see Altu v Clark, supra* at 751; *Flynn v Debonis*, 246 AD2d 852, 853 [1998]; *see also Hilley v Sanabria*, 12 AD3d 1188, 1189 [2004]; Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:10, C3126:11).

Mugglin, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the facts, without costs, and motion denied upon the conditions that (1) plaintiff appear for an independent medical examination before an examining physician of defendants' choosing within 45 days after service of a copy of this order with notice of entry, and (2) plaintiff pay defendants the amount of $750 within 20 days after service of a copy of this order with notice of entry.