■ PANGEA FARM, INC., Appellant, v LEENY SACK, Respondent. [858 NYS2d 477]—

Spain, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered March 15, 2007 in Chenango County, which, among other things, denied plaintiff's motion to strike defendant's answer.

Plaintiff commenced this action against defendant in September 2003 seeking to recover approximately $3,100 allegedly obtained by defendant through breach of contract, unjust enrichment and/or conversion.[1] Defendant answered and raised various affirmative defenses, an amended complaint was served and discovery ensued. When that process stalled, plaintiff sought Supreme Court's assistance and, ultimately, a scheduling order was filed directing that all discovery be completed by June 30, 2006. In the interim, defendant discharged her attorney and new counsel was retained. Correspondence and discussions between counsel for the parties continued and additional discovery materials were provided by defendant—albeit after the court-ordered deadline.

Thereafter, in October 2006, plaintiff moved to strike defendant's answer for failing to timely comply with the scheduling order. Defendant opposed that relief and cross-moved for leave to serve an amended answer.[2] Supreme Court, in a bench ruling, denied plaintiff's motion and granted defendant's cross motion to serve an amended answer, with the proviso that such pleading not include any claim for punitive damages. When defense counsel failed to timely submit a proposed order, plaintiff sought to have defendant's cross motion deemed abandoned. Supreme Court's bench decision eventually was reduced to the order from which this appeal is taken, following which plaintiff moved to strike those portions of defendant's amended answer not in compliance with Supreme Court's March 2007 order. Defendant responded by withdrawing the amended

1. Plaintiff's principals include Norman Rosenberg (hereinafter Rosenberg), Helen Rosenberg, his former wife, and defendant, his current wife. In addition to the instant action, there also is a pending matrimonial action between Rosenberg and defendant, as well as a contempt proceeding against Rosenberg for his purported failure to pay court-ordered interim maintenance.

2. Although the cross motion is denominated as one for leave to serve a "second" amended answer, it does not appear that defendant previously served an amended answer.

answer. Plaintiff now appeals, contending that Supreme Court abused its discretion in failing to strike defendant's answer.

Where, as here, a party fails to comply with a discovery order, CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which is a matter committed to the court's sound discretion (*see Gokey v DeCicco*, 24 AD3d 860, 861 [2005]; *Appler v Riverview Obstetrics & Gynecology, P.C.*, 9 AD3d 577, 578 [2004]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660 [2004]). The penalty imposed will not be disturbed absent a clear abuse of the court's discretion (*see Cavanaugh v Russell Sage Coll.*, 4 AD3d at 660; *Saratoga Harness Racing v Roemer*, 290 AD2d 928, 929 [2002]), and "the drastic sanction of dismissal of an answer should only be imposed where the moving party makes a clear showing that the defendant willfully or contumaciously failed to comply with an order for disclosure" (*Fraracci v Lasouska*, 283 AD2d 735, 736 [2001]; *see Altu v Clark*, 20 AD3d 749, 750 [2005]; *Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]; *Robbins v Navistar Intl. Transp. Corp.*, 224 AD2d 912, 913 [1996]).

Here, although plaintiff portrays this action as a relatively straightforward breach of contract claim, it appears that the resolution of this matter is, to some extent, intertwined with the resolution of the related matrimonial action and contempt proceeding, all of which appear to be pending in Chenango County. Additionally, while the delay here indeed was not insubstantial and not entirely explained, defendant did discharge her attorney and retain new counsel during the pendency of this action, which no doubt exacerbated the already existing delay. Further, as evidenced by the correspondence between the parties, there were ongoing attempts to resolve the outstanding discovery demands, as well as efforts to settle this matter. Under such circumstances, we cannot say that defendant's failure to timely comply with the scheduling order is necessarily the product of "a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condemnation" (*Altu v Clark*, 20 AD3d at 751 [internal quotation marks and citation omitted]). We therefore conclude that Supreme Court, which was well aware of the various actions pending between the parties and the full history thereof, did not abuse its discretion in denying plaintiff's motion to strike defendant's answer.

Lahtinen, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.