■ CHRIS KEEFE BUILDERS, INC., Doing Business as CHRIS KEEFE, Appellant, v THOMAS B. HAZZARD et al., Defendants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for QUICKEN LOANS, INC., Respondent. [900 NYS2d 201]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered January 16, 2009 in a mechanic's lien foreclosure action. The order, among other things, denied plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified in the exercise of discretion by granting the motion for leave to renew and, upon renewal, vacating the order compelling arbitration and denying that part of the motion seeking to remove the stay of enforcement of the arbitration award and as modified the order is affirmed without costs.

Memorandum: Thomas B. Hazzard and Tracy Leigh Hazzard (Hazzard defendants) entered into two contracts with plaintiff to perform an extensive renovation project at their New York residence. Only the second of the two contracts contained an arbitration clause. When disputes arose and plaintiff was not paid, plaintiff filed a mechanic's lien against the property in the amount of $264,045.09. Meanwhile, the Hazzard defendants sought to secure financing with which to pay plaintiff. In order to secure two mortgages from defendant Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Quicken Loans, Inc., the Hazzard defendants provided a letter, purportedly written by Chris Keefe, stating that the Hazzard defendants had paid the total amount of the mechanic's lien and that Keefe would inform the Chautauqua County Clerk of that fact in order to remove the lien. Plaintiff contends that the letter was forged.

The Hazzard defendants received two mortgages, one from MERS, as nominee for GMAC (MERS GMAC), and one from MERS, as nominee for Quicken (MERS Quicken). Plaintiff, however, never received any proceeds from those mortgages. Plaintiff thereafter commenced this action against the Hazzard defendants and MERS Quicken seeking, inter alia, judgment "decreeing" that plaintiff has a valid lien on the premises in the amount of $264,045.09. The record contains an answer from MERS Quicken as well as an amended answer from MERS GMAC, stating that it was incorrectly sued as MERS Quicken. In addition, in lieu of answering the complaint, the Hazzard defendants moved to compel arbitration based on the arbitration clause in the second contract. Although plaintiff initially opposed the motion, it eventually withdrew its opposition. Supreme Court stayed the action against MERS Quicken, and implicitly against MERS GMAC, pending the resolution of the arbitration.

Plaintiff was awarded the sum of $122,606.82 in the arbitration, but thereafter filed a first amended complaint asserting new causes of action, including fraud in the inducement of the second contract with the Hazzard defendants. In the alternative, plaintiff sought to confirm the arbitration award. The court granted plaintiff the alternative relief sought, but stayed enforcement of the arbitration award for four months to afford plaintiff the opportunity to conduct discovery on the issue of fraud in the inducement.

The Hazzard defendants failed to answer the first amended complaint, and the court thus granted plaintiff's motion for a default judgment against them. MERS GMAC then moved to vacate the stay of enforcement of the arbitration award as well as the stay of plaintiff's action against it. Plaintiff opposed that motion and moved for leave to renew its opposition to the motion of the Hazzard defendants seeking to compel arbitration and to vacate the order granting that relief. Plaintiff also moved for partial summary judgment dismissing the "affirmative defenses and counterclaims" of MERS Quicken and MERS GMAC, alleging equitable subrogation and estoppel.

In opposition to plaintiff's two motions, MERS GMAC contended that the motion for leave to renew was untimely because it was filed after the deadline for motion practice set forth in the court's scheduling order and that plaintiff had not submitted the new evidence required for such a motion (see CPLR 2221 [e] [2]). MERS GMAC also contended that the motion for partial summary judgment was premature but nevertheless requested that the court, sua sponte, grant MERS GMAC partial summary judgment on its equitable subrogation counterclaim.

The court denied plaintiff's motions, denied the request of MERS GMAC for partial summary judgment, and vacated all stays.

We conclude that the court improvidently exercised its discretion in denying plaintiff's motion for leave to renew as untimely. There is no dispute that the motion was filed approximately three weeks after the deadline set forth in the court's scheduling order. Plaintiff's attorney, however, denied ever having received a copy of that scheduling order, and he further denied that the court's law clerk informed him of a final deadline for motion practice. Plaintiff's attorney also noted that bankruptcy proceedings filed by the Hazzard defendants in California had required his attention.

There is no dispute that courts have the discretion to issue appropriate sanctions for a party's failure to comply with a

scheduling order (*see Matter of SDR Holdings v Town of Fort Edward*, 290 AD2d 696, 697 [2002]; *see generally Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). We conclude, however, that plaintiff's attorney established a "lack of awareness of the deadline" in the scheduling order and good cause for the delay in seeking leave to renew (*Town of Kinderhook v Slovak*, 47 AD3d 1093 [2008]). Thus, we cannot conclude that plaintiff's failure to comply with the scheduling order in a timely manner is the result of " 'a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condemnation' " (*Altu v Clark*, 20 AD3d 749, 751 [2005]; *see Pangea Farm, Inc. v Sack*, 51 AD3d 1352, 1354 [2008]; *cf. O'Brien v Occidental Chem. Corp.* [appeal No. 3], 266 AD2d 915 [1999]). "Weighed against the merits of the claim and the lack of prejudice to defendants, [any] neglect [on the part of plaintiff's attorney] is inconsequential" (*Ball v Sano*, 282 AD2d 330, 331 [2001]).

Contrary to the contention of MERS GMAC, plaintiff in fact submitted new evidence in support of the motion for leave to renew. Following the court's order compelling arbitration, plaintiff filed a first amended complaint in which it alleged that the Hazzard defendants had fraudulently induced plaintiff to enter into the second contract. As previously noted, the Hazzard defendants failed to answer that complaint, and a default judgment was entered against them, in favor of plaintiff. "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Thus, the new evidence upon which the motion for leave to renew was based is that the Hazzard defendants are now deemed to have admitted that they fraudulently induced plaintiff to enter into the second contract, which contained the arbitration clause.

MERS GMAC further contends that any action against the Hazzard defendants was stayed as a result of the pending bankruptcy proceedings in California and thus that they cannot be held accountable for their failure to answer the first amended complaint. We reject that contention. As a general rule, "[t]he filing of a bankruptcy petition automatically stays the commencement of any action or proceeding to recover a claim against the debtor that arose before the commencement of the bankruptcy proceeding" (*Levant v National Car Rental, Inc.*, 33 AD3d 367, 368 [2006]; *see* 11 USC § 362 [a] [1]; *Storini v Hortiales*, 16 AD3d 1110, 1110-1111 [2005]). Here, however, the Bankruptcy Court in California expressly granted relief from

the automatic stay to creditors on the New York property at issue in this case. In any event, plaintiff filed the first amended complaint after the stay was lifted (*cf. Levant*, 33 AD3d at 368). Thus, the Hazzard defendants are accountable for their default in failing to answer that amended complaint and the de facto admissions that flow from that default.

Because the Hazzard defendants have admitted that they fraudulently induced plaintiff to enter into the contract containing the arbitration clause, the court should have granted the motion for leave to renew based on that new evidence and, upon renewal, vacated the order compelling arbitration and denied that part of the motion seeking to remove the stay of enforcement of the arbitration award. We therefore modify the order accordingly.

We agree with the court, however, that neither plaintiff nor MERS GMAC is entitled to partial summary judgment with respect to the "affirmative defenses and counterclaims" alleging equitable subrogation and estoppel, nor is MERS GMAC entitled to partial summary judgment on its equitable subrogation counterclaim. With respect to equitable subrogation, there are issues of fact whether MERS GMAC was aware of and disregarded plaintiff's existing lien (*see King v Pelkofski*, 20 NY2d 326, 333-334 [1967]; *R.C.P.S. Assoc. v Karam Devs.*, 238 AD2d 492, 493 [1997]). Further, with respect to estoppel, there are issues of fact whether Chris Keefe wrote the letter indicating that the lien had been satisfied and, if so, whether MERS GMAC reasonably relied on that letter to its detriment (*see generally Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 368-369 [1988]). Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.