Mesiti v Weiss (2019 NY Slip Op 09343)





Mesiti v Weiss


2019 NY Slip Op 09343


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

528170

[*1]Annamaria Mesiti, Appellant,
v
Evelyn Weiss et al., Respondents.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Law Office of Bryan M. Kulak, Middletown (Susan J. Mitola, of Russo & Tambasco, Hicksville, of counsel), for respondents.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Meddaugh, J.), entered November 13, 2018 in Sullivan County, which granted defendants' motion to strike plaintiff's complaint.
In July 2013, plaintiff sustained personal injuries after the 2013 Mercedes Benz in which she was a passenger collided with a 2012 Honda owned by defendant Linda Kraus and driven by defendant Evelyn Weiss at the intersection of Broadway and Jefferson Street in the Village of Monticello, Sullivan County.[FN1] In June 2015, plaintiff commenced this action seeking damages for the personal injuries that she sustained in the accident. Following joinder of issue, defendants served plaintiff with, among other things, a demand for discovery, a demand for a bill of particulars, a notice to produce dated August 2015 and two "good-faith" letters dated September 2015 and October 2015, demanding compliance therewith. In May 2016, the parties appeared for a preliminary conference before Supreme Court and a stipulation and order was entered directing plaintiff to provide, among other things, all requested medical records and authorizations by July 15, 2016. In September 2016, plaintiff provided defendants with, among other things, a verified bill of particulars and 21 separate medical authorizations. In October 2016, defendants served plaintiff with a second notice to produce requesting, among other things, numerous additional medical authorizations and, on November 16, 2016, the parties appeared for a second conference before Supreme Court, whereupon another stipulation and order was issued directing plaintiff's compliance with defendants' discovery demands by December 16, 2016.
While discovery remained pending, in July 2017, plaintiff's attorney filed a motion seeking to withdraw as plaintiff's counsel, which motion was granted. In October 2017, plaintiff's present counsel appeared on her behalf and, in January 2018, the parties appeared for a conference resulting in the issuance of a scheduling order directing plaintiff's compliance with discovery by February 23, 2018. By cover letter dated February 26, 2018, plaintiff provided defendants with 12 additional medical authorizations. Defendants thereafter served plaintiff with a third notice to produce on April 4, 2018 and, on April 16, 2018, moved to strike plaintiff's complaint based upon her failure to comply with discovery demands.[FN2] Thereafter, on May 4, 2018, plaintiff sent defendants certain additional discovery, including a second bill of particulars, various police accident reports and a CD purportedly containing plaintiff's medical records. Plaintiff also inquired whether defendants would be amenable to withdrawing the pending motion to strike in light of this discovery or whether they required any additional documentation. The parties then appeared for another conference on May 9, 2018.[FN3] Following this conference, plaintiff's counsel sent defendants a series of letters dated May 15, 2018, May 21, 2018 and May 24, 2018, asserting that all outstanding discovery requests had been fulfilled and requesting that defendants notify him if any additional documentation was required. By order dated June 12, 2018, Supreme Court denied defendants' motion to strike and directed plaintiff to comply with all outstanding discovery demands within 30 days from the date of its order. No further discovery from plaintiff was forthcoming and, 30 days later, on July 12, 2018, defendants renewed their motion to strike plaintiff's complaint and plaintiff opposed the motion. Supreme Court granted the motion, striking plaintiff's complaint. Plaintiff appeals, and we reverse.
Plaintiff contends that Supreme Court abused its discretion when it granted defendants' motion to strike the complaint because (1) defendants failed to affix an affidavit of good faith to their motion in contravention of 22 NYCRR 202.7, (2) plaintiff's counsel substantially complied with defendants' discovery requests, and (3) plaintiff did not otherwise act in a willful, misleading or contumacious manner in conducting discovery. We agree. Although it is well settled that "the nature and degree of the penalty imposed on a motion to strike pursuant to CPLR 3126 is a matter committed to the sound discretion of the trial court and, absent a clear abuse of such discretion, the court's choice of remedy will not be disturbed" (Altu v Clark, 20 AD3d 749, 750 [2005]; see U.S. Bank N.A. v Harrington, 160 AD3d 1230, 1231 [2018]; BDS Copy Inks, Inc. v International Paper, 123 AD3d 1255, 1256 [2014]), the generally preferred policy is for actions to be resolved on the merits (see Gokey v DeCicco, 24 AD3d 860, 861 [2005]). Accordingly, although a court may strike a pleading "as a penalty for noncompliance with disclosure demands or orders, this type of drastic remedy is reserved for situations where a party's failure to comply is willful, contumacious, or in bad faith" (Green Tree Servicing LLC v Bormann, 157 AD3d 1112, 1113 [2018] [internal quotation marks and citations omitted]).
Initially, it is undisputed that defendants' motion to strike the complaint failed to include an affirmation of good faith as required by 22 NYCRR 202.7 (see 22 NYCRR 202.7 [a] [2], [c]; Kelly v New York City Tr. Auth., 162 AD3d 424, 424 [2018]; Matter of City of Troy v Assessor of the Town of Brunswick, 145 AD3d 1241, 1243 [2016]; Dennis v City of New York, 304 AD2d 611, 613 [2013]). Moreover, this error is compounded by the lack of other record evidence demonstrating that defendants engaged in good faith efforts to resolve the ongoing discovery issues without the need for judicial intervention. Despite plaintiff having at least partially complied with defendants' discovery demands, the record is devoid of any correspondence or other documentation indicating that defendants ever specifically informed plaintiff's counsel, other than in a generalized conclusory manner, in what manner the subject discovery responses were deficient or inadequate. Further, following the filing of defendants' April 2018 motion to strike, defendants' counsel failed to respond to four separate letters sent by plaintiff's counsel in May 2018 wherein he provided certain additional discovery and otherwise attempted to ascertain from defendants what, if any, paper discovery remained outstanding. Notably, defendants have provided no explanation as to why they failed to provide any such response prior to the filing of defendants' second motion to strike plaintiff's complaint (see 22 NYCRR 202.7 [c]; see generally Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908, 908 [2013]; Koelbl v Harvey, 176 AD2d 1040, 1040 [1991]).[FN4]
Although we appreciate Supreme Court's concern regarding the length of time that this action has been pending and the fact that the various discovery responses that plaintiff's counsel did provide were unquestionably untimely, we do not find that defendants have established a "deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay [by plaintiff] that would be deserving of the most vehement condemnation" (Altu v Clark, 20 AD3d at 751 [internal quotation marks and citation omitted]; see Pangea Farm, Inc. v Sack, 51 AD3d 1352, 1354 [2008]). Rather, given that defendants have not demonstrated any prejudice resulting from this protracted discovery dispute and in light of plaintiff's continued willingness to provide defendants with any and all outstanding discovery, we do not find that the drastic measure of striking plaintiff's complaint was warranted under the circumstances (see Green Tree Servicing LLC v Bormann, 157 AD3d at 1113; East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1258 [2016]; Gokey v DeCicco, 24 AD3d at 861-862; Altu v Clark, 20 AD3d at 750; Law v Moskowitz, 279 AD2d 844, 846 [2001]). Accordingly, we find that Supreme Court abused its discretion when it granted defendants' motion to strike the complaint.
Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1: Plaintiff was subsequently involved in two additional motor vehicle accidents in May 2015 and December 2015 that resulted in the filing of two additional actions. All three actions have since been joined.

Footnote 2: A copy of defendants' April 2018 motion to strike the complaint is not contained in the record.

Footnote 3: There is no record of this May 9, 2018 court conference nor was any conference order that may have been issued by Supreme Court with regard thereto included in the record.

Footnote 4: The record is unclear as to what specific paper discovery actually remains outstanding. Although Supreme Court's decision references a prior motion to compel by defendants, no such motion was included in the record. Perhaps tellingly, at oral argument, plaintiff's counsel maintained that, despite two motions to strike having been filed, Supreme Court's resulting orders with regard thereto and having prepared the record on appeal and briefed this matter for argument, he still remains unsure as to what discovery remains outstanding. Upon inquiry, meanwhile, defendants' counsel was likewise unable to specifically articulate what additional documentation plaintiff would have to provide to be in compliance with the subject discovery demands, nor could she explain why defendants' counsel did not respond to plaintiff's May 2018 correspondence requesting such information.