Windnagle v Tarnacki (2020 NY Slip Op 03355)





Windnagle v Tarnacki


2020 NY Slip Op 03355


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1118 CA 18-02124

[*1]BRADLEY WINDNAGLE, PLAINTIFF-APPELLANT,
v
PATRICIA TARNACKI AND ESTATE OF LAWRENCE TARNACKI, DECEASED, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






JOSEPH E. DIETRICH, III, WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN TROP, BUFFALO, CHELUS, HERDZIK, SPEYER & MONTE, P.C. (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 24, 2018. The order granted the motion of defendants insofar as it sought to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion insofar as it seeks to dismiss the complaint is denied, the complaint is reinstated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In this personal injury action, plaintiff failed to complete discovery and file a note of issue and statement of readiness in accordance with the scheduling order issued by Supreme Court, and defendants moved pursuant to CPLR 3126 for an order dismissing the complaint or, in the alternative, compelling, inter alia, plaintiff's deposition. Defendants requested oral argument on the motion, but the court issued a decision on the motion prior to the return date dismissing the complaint with prejudice based on plaintiff's failure to comply with the scheduling order. In appeal No. 1, plaintiff appeals from an order granting defendants' motion insofar as it sought to dismiss the complaint and dismissing the complaint with prejudice. In appeal No. 2, plaintiff appeals from an order denying his motion for leave to renew and reargue defendants' motion in appeal No. 1.
In appeal No. 1, we agree with plaintiff that the court abused its discretion in dismissing the complaint with prejudice as a sanction for plaintiff's noncompliance with the scheduling order. "Although the nature and degree of a sanction for a party's failure to comply with discovery generally is a matter reserved to the sound discretion of the trial court, the drastic remedy of striking [a pleading] is inappropriate absent a showing that the failure to comply is willful, contumacious, or in bad faith" (Green v Kingdom Garage Corp., 34 AD3d 1373, 1374 [4th Dept 2006]; see Petersen v New York Cent. Mut. Fire Ins. Co., 174 AD3d 1386, 1387-1388 [4th Dept 2019]; WILJEFF, LLC v United Realty Mgt. Corp., 82 AD3d 1616, 1619 [4th Dept 2011]).
Here, defendants made no showing that plaintiff's noncompliance with the court's scheduling order was willful, contumacious, or in bad faith, and the court made no such finding (see Integrated Voice & Data Sys., Inc. v Groh, 147 AD3d 1302, 1304 [4th Dept 2017]). Defendants merely alleged that plaintiff's failure to comply with the discovery deadlines set forth in the scheduling order was due to the representations of plaintiff's attorney that he was engaged in settlement negotiations with a claims adjuster. Plaintiff's attorney apparently believed that settlement of the case was imminent and, thus, that depositions would not be necessary. There is also nothing in the record to indicate that plaintiff ignored any warnings from the court that continued noncompliance with discovery orders could lead to the court striking the complaint [*2](see generally M & C Bros., Inc. v Torum, 101 AD3d 1329, 1330 [3d Dept 2012]), or that defendants were prejudiced by the delay in conducting discovery (see Chris Keefe Bldrs., Inc. v Hazzard, 71 AD3d 1599, 1601-1602 [4th Dept 2010]; see also Matter of SDR Holdings v Town of Fort Edward, 290 AD2d 696, 697 [3d Dept 2002]).
Although plaintiff's dilatory conduct may have reasonably prompted defendants to seek the court's guidance, the drastic sanction of dismissing the complaint with prejudice provided more relief than was necessary to protect defendants' interests (see Integrated Voice & Data Sys., Inc., 147 AD3d at 1304). In short, plaintiff's conduct was not the type of "deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay" that would justify the penalty of dismissal of the complaint (Chris Keefe Bldrs., Inc., 71 AD3d at 1602 [internal quotation marks omitted]; see Thomas v Benedictine Hosp., 296 AD2d 781, 784-785 [3d Dept 2002]; Matter of Beauregard v Millwood-Beauregard, 207 AD2d 633, 633-634 [3d Dept 1994]). We therefore reverse the order in appeal No. 1, deny the motion insofar as it seeks to dismiss the complaint, reinstate the complaint, and remit the matter to Supreme Court for a determination of the alternative relief sought by defendants in the motion.
Insofar as the order in appeal No. 2 denied that part of plaintiff's motion seeking leave to reargue, no appeal lies from the order (see JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1624 [4th Dept 2016]) and, insofar as the order in appeal No. 2 denied that part of the motion seeking leave to renew, the appeal is moot in view of our determination in appeal No. 1 (see id.; McCabe v CSX Transp., Inc., 27 AD3d 1150, 1151 [4th Dept 2006]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court