M.F. v Albany Med. Ctr. (2023 NY Slip Op 03896)

M.F. v Albany Med. Ctr.

2023 NY Slip Op 03896

Decided on July 20, 2023

Appellate Division, Third Department

Clark, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

536157

[*1]M.F., an Infant, by her Mother and Guardian, Cassandra Durivage, Appellant,
v
Albany Medical Center, Respondent.

Calendar Date:June 5, 2023

Before: Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Lia B. Mitchell of counsel), for respondent.

Clark, J.
Appeals (1) from an order of the Supreme Court (Christina L. Ryba, J.), entered August 31, 2022 in Albany County, which, among other things, granted defendant's motion to preclude expert testimony pursuant to CPLR 3126, and (2) from an order of said court, entered October 13, 2022 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.
In April 2018, plaintiff commenced the instant action on behalf of her infant daughter (born in 2017), alleging medical malpractice by defendant's staff which led to various injuries to the infant upon birth. Defendant answered and, in May 2018, filed a demand for a bill of particulars. Plaintiff served defendant with a verified bill of particulars in August 2018 and, after various depositions were held, defendant sought an amended bill of particulars, which plaintiff did not provide. In September 2019, plaintiff served defendant with an expert disclosure setting forth an expert in obstetrics and gynecology, another in pediatric orthopedics and another in pediatric neurology. Defendant objected, asserting that the disclosure failed to provide the experts' qualifications or any details regarding the substance to which they would testify. After extensive unsuccessful exchanges and various court conferences and extensions, plaintiff served defendant with an amended expert disclosure in June 2021. Defendant objected to the sufficiency of the disclosure and continued to seek discovery but, after those attempts were unsuccessful, defendant moved to compel plaintiff to comply with discovery requirements. Plaintiff opposed the motion. In February 2022, Supreme Court granted the motion, finding that the responses provided in the bill of particulars response Nos. 5, 7, 8, 9 and 10 were deficient and that the amended expert disclosure was overtly general and lacked the experts' qualifications. As such, the court ordered plaintiff to correct these issues and turn over an amended bill of particulars and a second amended expert disclosure to defendant within 30 days of the decision. Plaintiff failed to do so.
Following that missed deadline, defendant was granted leave to make a motion pursuant to CPLR 3126 seeking preclusion of the information related to plaintiff's discovery shortfalls. Plaintiff opposed the motion, attaching an attorney affirmation, an affidavit of merit, an amended bill of particulars and a second amended expert disclosure. Through an order entered August 2022, Supreme Court found that the conduct by plaintiff's trial counsel was willful and contumacious and, as a result, declined to consider the potentially meritorious nature of the action. The court granted the motion in its entirety, precluding plaintiff from supporting her medical malpractice claim with expert testimony or with any other evidence that would have been responsive to the defective bill of particulars. Defendant then moved for summary judgment dismissing the complaint, which plaintiff opposed. In [*2]October 2022, Supreme Court granted defendant's motion for summary judgment and dismissed the complaint. Plaintiff appeals from the August 2022 and the October 2022 orders.[FN1]
When a party "refuses to obey an order for disclosure or wil[l]fully fails to disclose information which the court finds ought to have been disclosed," a court may impose just discovery sanctions to punish the disobedient party; such sanctions may include monetary sanctions or an order precluding evidence or witnesses, striking a pleading or defense or dismissing a cause of action (CPLR 3126; see Moak v Raynor, 28 AD3d 900, 903 [3d Dept 2006]; Altu v Clark, 20 AD3d 749, 750 [3d Dept 2005]). As relevant here, sanctions pursuant to CPLR 3126 are equally available when a party fails to respond to a demand for a bill of particulars (see CPLR 3042 [d]) as when a party fails to provide appropriate expert disclosure pursuant to CPLR 3101 (d). Whether to impose a sanction and the nature and degree of said sanction are matters first committed to the sound discretion of the trial court, and such sanctions generally remain undisturbed absent an abuse of discretion (see Bruno v Peak Resorts, Inc., 190 AD3d 1132, 1134 [3d Dept 2021]; Pangea Farm, Inc. v Sack, 51 AD3d 1352, 1354 [3d Dept 2008]). However, when reviewing discovery determinations and their associated sanctions, this Court "is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; County of Warren v Swan, 203 AD3d 1504, 1506 [3d Dept 2022]). Where we undertake such discretionary review, our decision may be reviewable by the Court of Appeals to determine whether we abused our discretion as a matter of law (see Andon v 302-304 Mott St. Assoc., 94 NY2d at 745).
Here, Supreme Court found that plaintiff's trial counsel engaged in willful and contumacious conduct which delayed resolution of this case, and the record supports such a finding. Defense counsel requested an amended bill of particulars in May 2019 and an amended expert disclosure in October 2019.[FN2] Despite a plethora of emails and letters from defense counsel, various conferences, scheduling orders and an order compelling compliance with discovery, plaintiff's trial counsel failed to correct the deficiencies in the discovery disclosure prior to defendant filing a motion for sanctions. Under these circumstances, we agree with Supreme Court that the conduct exhibited by plaintiff's trial counsel was willful and contumacious and that, upon such finding, the drastic sanction of preclusion was available (see Jurlina v Town of Brookhaven, 215 AD3d 936, 937 [2d Dept 2023]; Hubbell, Inc. v Lazy Swan Golf & Country Club LLC, 187 AD3d 1448, 1450-1451 [3d Dept 2020]; BDS Copy Inks, Inc. v International Paper, 123 AD3d 1255, 1256-1257 [[*3]3d Dept 2014]). Ultimately, the preclusion of plaintiff's experts left her unable to support her medical malpractice claim with the requisite competent expert medical opinion(s), or to defend the same against summary judgment (see e.g. Doe v Langer, 206 AD3d 1325, 1330 [3d Dept 2022]).
In determining the appropriate sanction, courts should consider the facts on a case-by-case basis, balancing the strong public policy favoring resolution of cases on the merits with the court's interest in ensuring efficient litigation through court orders, deadlines and sanctions (see generally Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81-82 [2010]; Mesiti v Weiss, 178 AD3d 1332, 1334 [3d Dept 2019]). Supreme Court expressly declined to consider the potential merits of plaintiff's claim, and we exercise our corresponding power to substitute our discretion in its place. Plaintiff, in her opposition to the preclusion motion, attached an amended bill of particulars, a second amended expert disclosure and an expert's affidavit of merit. Although the supplemental discovery disclosures were made well beyond the deadlines set by the court, we note that the record does not reveal any prejudice to defendant, other than the protracted delay (see Mesiti v Weiss, 178 AD3d at 1335; Gokey v DeCicco, 24 AD3d 860, 862 [3d Dept 2005]; Altu v Clark, 20 AD3d at 751). Further, our review of response Nos. 5, 7, 8, 9 and 10 in the amended bill of particulars satisfied the outstanding demands (see CPLR 3042 [a]; Graves v County of Albany, 278 AD2d 578, 579 [3d Dept 2000]). Likewise, plaintiff's second amended expert disclosure regarding the experts in obstetrics and gynecology (labeled as "A"), orthopedics ("B") and pediatric neurology ("C") disclosed, "in reasonable detail[,] the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1]; see A.J. v Canastota Cent. Sch. Dist., 214 AD3d 67, 73-74 [3d Dept 2023]). By contrast, plaintiff's disclosures regarding plaintiff's proffered experts in vocational training ("D") and economics ("E") lack information regarding those experts' qualifications.
The affidavit of merit, which was sworn to by plaintiff's expert in obstetrics and gynecology, was premised on the expert's review of reports prepared by defendant's staff in connection with plaintiff's pregnancy and the child's birth, as well as various deposition transcripts and medical examination reports prepared in connection with the litigation. The expert detailed the actions that defendant's staff undertook preceding and during the birth, as well as the omissions during that same time frame, which deviated from accepted standards of care and led to the child's injuries. Further, the expert explained that, due to such injuries, the child will be permanently disabled for her entire life and [*4]will likely require future medical interventions, including surgical care.
Having considered the record as a whole, including the supplemental discovery disclosures, the affidavit of merit, the lack of prejudice to defendant and the nature and root of the misconduct, we vacate the August 2022 order that precluded plaintiff from proffering certain evidence and expert witnesses. Exercising our discretion, and given the strong public policy favoring resolution of actions on the merits, we accept the late amended bill of particulars as responsive to the outstanding demand Nos. 5, 7, 8, 9 and 10 as well as the expert disclosures relating to experts A, B and C, but preclude the expert disclosures relating to experts D and E (see CPLR 3042 [a]; 3101 [d] [1]; cf. Fuller v Aberdale, 130 AD3d 1277, 1279-1280 [3d Dept 2015]; compare BDS Copy Inks, Inc. v International Paper, 123 AD3d at 1257-1258). However, the willful and contumacious misconduct by plaintiff's trial counsel cannot be condoned, as disregard of court orders hinders the efficient resolution of cases (see generally Gibbs v St. Barnabas Hosp., 16 NY3d at 81-82). To dissuade this conduct from repeating, we impose a monetary sanction on plaintiff's trial counsel in the amount of $5,000 (see Jurlina v Town of Brookhaven, 215 AD3d at 937-938; Castillo v Charles, 210 AD3d 625, 627-628 [2d Dept 2022]; Altu v Clark, 20 AD3d at 751).
In light of the vacatur of the preclusion order, and of the role that such preclusion played in effectively preventing plaintiff from presenting evidence to oppose summary judgment, we also reverse Supreme Court's October 2022 order granting defendant summary judgment and dismissing the complaint (see Weller v Paul, 91 AD3d 945, 946 [2d Dept 2012]; cf. A.J. v Canastota Cent. Sch. Dist., 214 AD3d at 76; Brooks v Blanchard, 174 AD3d 1362, 1365 [4th Dept 2019]). Upon remittal, Supreme Court should exercise its discretion in providing the parties a reasonable opportunity to complete any additional discovery that it deems appropriate (see e.g. CPLR 3101 [d] [1] [ii]). To the extent not expressly addressed herein, we have reviewed the parties' remaining contentions and find that they have either been rendered academic or lack merit.
Garry, P.J., Lynch and Ceresia, JJ., concur.
Aarons, J. (concurring in part and dissenting in part).
I agree with the majority that plaintiff's appeal from the August 2022 order must be dismissed but that such order is brought up for review in plaintiff's appeal from the October 2022 order. I nonetheless disagree with the majority's determination to reverse the October 2022 order. In my view, Supreme Court, in the August 2022 order, did not abuse its considerable discretion in precluding plaintiff from offering expert evidence due to the clear willful and contumacious behavior by plaintiff's trial counsel in providing requested discovery. Given that plaintiff was correctly precluded from offering expert evidence, and this is a medical malpractice [*5]action, the court also correctly granted defendant's motion for summary judgment dismissing the complaint. As such, I respectfully concur in part and dissent in part.
"Because the remedy of preclusion is drastic, especially where, as here, it has the effect of preventing a party from asserting its claim, it is reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (BDS Copy Inks, Inc. v International Paper, 123 AD3d 1255, 1256-1257 [3d Dept 2014] [internal quotation marks, brackets and citations omitted]; see Adamski v Schuyler Hosp., Inc., 36 AD3d 1198, 1199 [3d Dept 2007]). Absent a clear abuse of a court's discretion, the imposed penalty will not be disturbed, even if it results in the dismissal of the complaint (see Myers v Community Gen. Hosp. of Sullivan County, 51 AD3d 1359, 1360 [3d Dept 2008]).
Both Supreme Court, in its August 2022 order, and the majority outline the willful and contumacious conduct by plaintiff's trial counsel. The details of such conduct need no repeating. Suffice to say, since the commencement of the action in 2018, plaintiff's trial counsel has repeatedly flouted and disregarded demands for adequate discovery responses and court orders directing adequate discovery responses. In view of the willful and contumacious conduct by plaintiff's trial counsel, as well as the lack of any reasonable excuse for trial counsel's noncompliance, Supreme Court did not abuse its broad discretion in imposing the sanction of precluding plaintiff from offering expert testimony (see Myers v Community Gen. Hosp. of Sullivan County, 51 AD3d at 1360-1361; Adamski v Schuyler Hosp., Inc., 36 AD3d at 1200; Martin v Brooks, 270 AD2d 538, 538-539 [3d Dept 2000]; Qian v Dugan, 256 AD2d 782, 782-783 [3d Dept 1998]), which, in this medical malpractice action, had the effect of dismissal of the complaint (see e.g. Carter v Isabella Geriatric Ctr., Inc., 71 AD3d 443, 444 [1st Dept 2010]; Tleige v Troy Pediatrics, 237 AD2d 772, 774 [3d Dept 1997]).
The majority nonetheless elects to substitute its own discretion for that of Supreme Court, which is its prerogative (see Brady v Ottaway Newspapers, 63 NY2d 1031, 1032 [1984]; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765 [3d Dept 2002]). I, however, see no compelling reason to do so here. The court considered defendant's efforts in seeking the requested discovery, as well as the accommodations given by defense counsel to plaintiff's trial counsel. The court considered the lack of responses and the lack of excuses provided by plaintiff's trial counsel. In a well-reasoned decision, the court faithfully applied the law and imposed the penalty of preclusion after finding the actions of plaintiff's trial counsel to be willful and contumacious. The majority likewise finds that "the drastic sanction of preclusion was available."
Although plaintiff's trial counsel eventually provided an amended bill of particulars and expert [*6]disclosure, it was done in July 2022 — four months after the deadline to do so had passed. In this regard, pursuant to a February 2022 order, Supreme Court ordered plaintiff's trial counsel to provide these documents by March 2022. Moreover, it was not as though plaintiff's trial counsel provided the ordered disclosure voluntarily. Rather, plaintiff's trial counsel only did so when confronted with a motion under CPLR 3126. Indeed, when opposing defendant's motion, plaintiff's trial counsel did not give an excuse for failing to comply with the February 2022 order and candidly admitted that there was no compliance with such order. The court thus acted well within its discretion to reject the belated and unexcused attempt to comply with the February 2022 order.
I also disagree with the majority's conclusion that defendant was not prejudiced. A defendant is entitled to a timely bill of particulars and an expert disclosure in order to be apprised of the legal theories and claims being raised against it such that a defense can be prepared thereto (see Stoddard v New York Oncology Hematology, P.C., 172 AD3d 1504, 1505-1506 [3d Dept 2019]; Bauernfeind v Albany Med. Ctr. Hosp., 195 AD2d 819, 820 [3d Dept 1993], lv dismissed & denied 82 NY2d 885 [1993]; McLaughlin v Charles, 91 AD2d 1119, 1119 [3d Dept 1983]). Defendant has been stymied essentially since the inception of this action to obtain that information such that it could not adequately defend itself. Defendant was left to surmise and speculate about the theory behind plaintiff's complaint. In addition, this is a medical malpractice action where expert witnesses play a significant role in the prosecution and defense of the claim. Parties are thus required to disclose expert witness information in a timely manner "for the purpose of adequate and thorough trial preparation" (Silverberg v Community Gen. Hosp. of Sullivan County, 290 AD2d 788, 788 [3d Dept 2002]). Failing to do so hinders that preparation. In view of this, the length of the dilatory conduct and the lack of any excuse by plaintiff's trial counsel, defendant was prejudiced (see Bickford v St. Francis Hosp., 19 AD3d 344, 346 [2d Dept 2005], lv denied 5 NY3d 710 [2005]; Brooks v City of New York, 6 AD3d 565, 566 [2d Dept 2004]; Gale v Delmonico Hotel Co., 260 AD2d 276, 276 [1st Dept 1999]).
The decision to uphold the penalty of preclusion, and in effect, the dismissal of the complaint, is not reached lightly. It is also certainly not desirable when noting the public policy of resolving disputes on the merits. Furthermore, it is true that the victim of the alleged medical malpractice is an infant, whose actions apparently did not contribute to the willful and contumacious behavior of plaintiff's trial counsel. Unfortunately, "what is undesirable is sometimes also necessary, and it is often necessary, as it is here, to hold parties responsible for their lawyers' failure to meet deadlines" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects[*7] & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 521 [2005]; see Zletz v Wetanson, 67 NY2d 711, 713 [1986]). The unexcused and repeated noncompliance with discovery obligations and court orders by trial counsel disrespects the parties, who deserve the prompt resolution of a dispute, and undermines the credibility of the judicial system (see Kihl v Pfeffer, 94 NY2d 118, 123 [1999]). It is conduct that should not be countenanced.
Supreme Court was free to impose a lesser sanction, such as a monetary one imposed by the majority. Under the circumstances of this case, however, "[l]ess drastic action [other] than dismissal would only serve to encourage dilatory conduct and reward an obstructionist approach to discovery proceedings" (Sawh v Bridges, 120 AD2d 74, 80 [2d Dept 1986], appeal dismissed 69 NY2d 852 [1987]). For these reasons, I agree with the majority to dismiss the appeal from the August 2022 order, but I would otherwise affirm the October 2022 order.
ORDERED that the appeal from the order entered August 31, 2022 is dismissed, without costs.
ORDERED that the order entered October 13, 2022 is reversed, on the law and on the facts, without costs, and sanctions in the amount of $5,000 are imposed against plaintiff's trial counsel, payable to defendant.

Footnotes

Footnote 1: Plaintiff's appeal from the August 2022 order must be dismissed as the right to appeal from that nonfinal order was extinguished upon the entry of the October 2022 final order (see Prendergast v Swiencicky, 183 AD3d 945, 946 n 1 [3d Dept 2020], lv denied 36 NY3d 944 [2020]). However, plaintiff's appeal from the final order brings up the prior order for review (see CPLR 5501 [a] [1]).

Footnote 2: Contrary to plaintiff's assertion, the amended expert disclosure provided to defendant in June 2021 did not cure the defects of the original disclosure.