Connors v ASM Global Parent, Inc.
2026 NY Slip Op 04016
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Margaret Connors, Appellant,
v
ASM Global Parent, Inc., et al., Respondents.

Decided and Entered:June 25, 2026
CV-25-0122
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Elefterakis, Elefterakis & Panek, New York City (Daniel Lei of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York City (Anthony De Ingeniis of counsel), for ASM Global Parent, Inc., respondent.

[*1]
McShan, J.
Appeal from a judgment of the Supreme Court (Thomas Marcelle, J.), entered December 23, 2024 in Albany County, which granted defendants' motion to, among other things, impose sanctions upon plaintiff, and dismissed the complaint.
In May 2023, plaintiff commenced this personal injury action stemming from a slip and fall that occurred in October 2022 on defendants' premises. After issue was joined, defendants made certain demands for discovery, including, among other things, plaintiff's medical records and authorizations from various providers which defendants believed were involved in plaintiff's treatment for her injuries. Among those requests, defendants sought, as relevant here, an authorization for plaintiff's primary care physician. In March 2024, after plaintiff's disclosures had stalled for a period, Supreme Court ordered plaintiff to provide responsive documentation to defendants' then-broadened discovery demands, which maintained their request for certain provider authorizations. Although plaintiff acquiesced to some of those demands in her April 2024 response, she objected to certain authorization requests as overly broad or, in the case of the primary care authorization, irrelevant based upon her assertion that she had not treated with that physician in connection with her slip and fall. Following plaintiff's failure to provide further disclosure, in May 2024, Supreme Court ordered plaintiff to provide the responsive documents, or any objections thereto. On the date that discovery was due, plaintiff, in sum and substance, maintained the objections asserted in her April 2024 response to defendants' prior request for authorizations. Accordingly, defendants moved to compel discovery or, alternatively, for sanctions. However, on the eve of argument on defendants' motion, the parties stipulated to hold the motion in abeyance to allow plaintiff 30 days to produce, among other things, the 10 specified authorizations that remained outstanding. The parties agreed that, in the case of plaintiff's failure to comply, she would "be subject to sanctions at the discretion of [Supreme] Court including dismissal."
Plaintiff partially complied with the so-ordered stipulation, disclosing all but two of the requested authorizations. Then, based mainly on plaintiff's failure to provide the primary care authorization, defendants renewed their motion to compel and their request for sanctions. After considering the parties' submissions, Supreme Court granted defendants' motion, finding that plaintiff had repeatedly failed to comply with her discovery obligations over the protracted year-and-a-half long discovery process and that such conduct was willful and contumacious. Supreme Court dismissed the action without prejudice and directed plaintiff to pay reasonable counsel fees to defendant. Plaintiff appeals.
"When a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed, a court [*2]may impose just discovery sanctions to punish the disobedient party; such sanctions may include monetary sanctions or an order precluding evidence or witnesses, striking a pleading or defense or dismissing a cause of action" (M.F. v Albany Med. Ctr., 217 AD3d 103, 105-106 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Mesiti v Weiss, 178 AD3d 1332, 1334 [3d Dept 2019]). Although we generally defer to the trial court's determination on the appropriate remedy for a discovery violation, "this Court is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (County of Warren v Swan, 203 AD3d 1504, 1506 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; M.F. v Albany Med. Ctr., 217 AD3d at 106).
To begin, we find no abuse of discretion with the court's determination that plaintiff's conduct was willful and contumacious. For approximately the first year of discovery, plaintiff maintained her objection to the relevance of the primary care authorization at issue, asserting that she had not received treatment from that primary care physician in connection with the accident. However, the time for objection ended once plaintiff agreed to provide the primary care authorization within the prescribed period as set forth in the August 2024 so-ordered stipulation. Moreover, plaintiff agreed in the so-ordered stipulation that discovery sanctions would be imposed if she failed to comply with the agreed-upon discovery, including providing the authorization for her primary care physician. Plaintiff's failure to abide by the terms of this express, clear and voluntary agreement is indicative of willful and contumacious conduct (see M.F. v Albany Med. Ctr., 217 AD3d at 106-107; VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd., 78 AD3d 1438, 1439-1440 [3d Dept 2010]; Martin v Brooks, 270 AD2d 538, 539 [3d Dept 2000]; compare Collyer v LaVigne, 202 AD3d 1335, 1338-1339 [3d Dept 2022], lv dismissed 39 NY3d 925 [2022]).
Nevertheless, when considering whether the degree of sanction imposed in this case is appropriate, "although we appreciate and share Supreme Court's concern over the failure of a party to comply with discovery, outright dismissal of plaintiff's complaint was not warranted under the circumstances herein" (Gokey v DeCicco, 24 AD3d 860, 861-862 [3d Dept 2005]; see generally Green Tree Servicing LLC v Bormann, 157 AD3d 1112, 1114 [3d Dept 2018]). "A sanction pursuant to CPLR 3126 must be commensurate with the degree of culpability attributable to the culpable party" (Payne v Sole Di Mare, Inc., 216 AD3d 1339, 1340 [3d Dept 2023]). To that end, dismissal of a pleading "should be reserved for those cases in which it is clearly shown that the failure to comply with discovery demands is the result of a deliberately evasive, misleading and uncooperative course of conduct or a [*3]determined strategy of delay that would be deserving of the most vehement condemnation" (Gokey v DeCicco, 24 AD3d at 861 [internal quotation marks and citations omitted]; see Pangea Farm, Inc. v Sack, 51 AD3d 1352, 1354 [3d Dept 2008]). Supreme Court's March 2024 order required plaintiff to respond to defendants' discovery demands by April 2024, and its subsequent May 2024 order directed that plaintiff "respond fully" to defendants' April 2024 deficiency letter "by providing responsive documents or materials or otherwise asserting specific and detailed objection." Thus, the conduct rising to the level of willfulness arose late in the discovery process following a relatively abbreviated period of unexcused noncompliance beginning in August 2024 with the stipulated conditional order. Furthermore, we note that discovery in this case was nearly at a close as plaintiff had substantially complied with defendants' discovery requests and defendants have given little indication that they have been prejudiced as a result of the delayed disclosures (see M.F. v Albany Med. Ctr., 217 AD3d at 108; Mesiti v Weiss, 178 AD3d at 1335).FN1 Considering that background alongside the strong public policy supporting the resolution of cases on their merits, "we cannot conclude that plaintiff's conduct has risen to a level of obstinate disobedience deserving of the ultimate penalty," and we therefore reverse Supreme Court's dismissal of plaintiff's complaint (Gokey v DeCicco, 24 AD3dat 862; Altu v Clark, 20 AD3d 749, 750-751 [3d Dept 2005]; compare Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1195 [3d Dept 2016]; Cavanaugh v Russell Sage Coll., 4 AD3d 660, 660 [3d Dept 2004]). However, we do find that plaintiff's noncompliance with the stipulated order does warrant some consequence and we therefore impose a monetary sanction on plaintiff's trial counsel in the amount of $2,500, in lieu of dismissal and Supreme Court's corresponding award of reasonable costs and counsel fees, as a sanction that adequately reflects that degree of plaintiff's contumacious conduct (see M.F. v Albany Med. Ctr., 217 AD3d at 108; Vasquez v State of New York, 12 AD3d 917, 920 [3d Dept 2004]).
Clark, J.P., Aarons, Pritzker and Ryba, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed plaintiff's complaint and awarded defendants reasonable costs and counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1
We note plaintiff's representation that she disclosed the primary care authorization prior to Supreme Court rendering a decision on the motion to compel.